## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8156 | **DATE** | 10/5/2000 |
| **CASE TITLE** | STATE OF ILLINOIS vs. TRI-STAR INDUSTRIAL LIGHTING, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: plaintiff's motion to compel is granted. Defendant is ordered to produce to plaintiff all non-privileged documents not previously produced that are responsive to request nos. 1, 2, 5, 8-19 and 21-23 of plaintiff's first request for production of documents within fourteen (14) days of the date of this Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 0 6 2000 | |
| | Notified counsel by telephone. | date docketed | Document Number |
| ✓ | Docketing to mail notices. | docketing deputy initials | 37 |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 00 OCT -5 PM 3:55    OCT 10 2000 | |
| | | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Minute Order Form (06-...)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STATE OF ILLINOIS, )
)
    Plaintiff, )
)
v. ) No. 99 C 8156
) Paul E. Plunkett, Senior Judge
TRI-STAR INDUSTRIAL LIGHTING, INC., )
an Illinois Corporation, )
)
    Defendant. )

DOCKETED
OCT 06 2000

## MEMORANDUM OPINION AND ORDER

The State of Illinois has sued defendant for its alleged violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101, et seq. ("Telemarketing Act"), and the Illinois Consumer Fraud Act, 815 ILL. COMP. STAT. 505/1, et seq. ("Consumer Fraud Act"). The case is before the Court on plaintiff's motion to compel defendant to comply with its first request for production of documents. Defendant contends that it need not produce many of the documents requested because they are irrelevant to this suit. For the reasons set forth below, we disagree with defendant and grant plaintiff's motion in its entirety.

### Discussion

Plaintiff is entitled to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1). "The key phrase in this definition – 'relevant to the subject matter involved in the pending action' – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Further,

37

the information sought need not be admissible at trial, as long as it is "reasonably calculated to lead to the discovery of admissible evidence." Id. With these principles in mind, we turn to plaintiff's document requests.

In its first request, plaintiff seeks:

> Articles of incorporation and amendments thereto; copies of minutes of all corporate meetings conducted since the corporation was established; a list of current officers/directors; false name registrations; and business licenses obtained by or on behalf of Defendant from any federal, state or local government entity.

(Mot. Compel, Ex. A, Pl.'s First Req. Produc. Docs., No. 1.) Plaintiff seeks these documents to determine whether defendant is a bona fide corporation or merely a shell created to shield culpable individuals from personal liability. Whether defendant is a bona fide corporation is relevant to determining who will be liable for any monetary relief that may be awarded. Accordingly, defendant must produce all documents responsive to this request.

In its second request, plaintiff seeks defendant's federal and state tax returns and profit and loss statements for the last five years. (Id., No. 2.) This information is relevant to a number of issues, including whether defendant has sufficient assets to pay any judgment entered against it. Responsive documents, therefore, must be produced.

In its fifth request, plaintiff seeks: "All documents and business records including leases and deeds, and any applications submitted in support thereof, that reveal the physical location or locations at which Defendant's business is conducted." (Id., No. 5.) Though we can imagine other relevant purposes, plaintiff seeks these documents "to identify the individual or individuals authorized to enter into contracts on behalf of Defendant." (Pl.'s Mem. Supp. Mot. Compel. at 3.) Although probably not crucial to it, such documents may shed some light on the validity of defendant's corporate existence, and thus, must be produced.

In request 22, plaintiff seeks: "All documents and materials, which identify the brand name, quantity and/or the price paid by Defendant for non-durable office and/or cleaning [supplies] distributed by Defendant." (Mot. Compel, Ex. A, Pl.'s First Req. Produc. Docs., No. 22.) Plaintiff seeks these documents to corroborate the sales representations made by defendant and to determine whether the goods sold by

defendant were, in fact, those that it promoted or guaranteed. Because that information is clearly relevant to this suit, documents responsive to this request must be produced.

In request 23, plaintiff seeks: "All documents and materials which identify the price at which Defendant sold the items identified in Document Request 22 . . . to consumers." (Id., No. 23.) Together with those responsive to request 22, documents responsive to this request will reveal plainly relevant information: whether defendant made misrepresentations about the competitiveness of its prices to induce consumers to buy its products. Accordingly, they must be produced.

Finally, plaintiff contends that defendant's production in response to its request nos. 8-19 and 21[1] was incomplete because defendant refused to provide any documents pertaining to sales to customers outside of the State of Illinois. Defendant contends that both the Telemarketing Act and the Consumer Fraud Act "limit the State's standing to suing and seeking damages on behalf of Illinois residents." (Def.'s Resp. Mot. Compel at 2.) While that may be true, it misses the point. Plaintiff does not seek to redress the alleged injuries of out-of-state residents. Rather, it seeks to redress the injuries that it contends defendants' allegedly improper out-of-state sales caused Illinois residents, i.e, damage to the goodwill of Illinois' law-abiding telemarketers and decreased economic opportunity for all residents caused by the public perception that Illinois is indifferent to illegal trade practices. Those alleged injuries not only confer standing on plaintiff under the applicable statutes, they also make defendant's out-of-state sales relevant to this suit. See 15 U.S.C. § 6103 (empowering States to sue under the Telemarketing Act when they have "reason to believe that the interests of the residents of [their] State have been or are being threatened or adversely affected" by deceptive telemarketing practices); 815 ILL. COMP. STAT. 505/7 ("Whenever the Attorney General . . . has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by this Act to be unlawful, and that proceedings would be in the public interest, he or she may bring an action in the name of the People of the State against such person to restrain by preliminary or permanent

---

[1] Because plaintiff did not otherwise discuss its interrogatories, or attach a copy of them to its submission, we assume that the reference to interrogatories at page four of plaintiff's memorandum was an error.

injunction the use of such method, act or practice."); see also State of Tennessee v. Lexington Law Firms, No. 3:96-0344, 1997 WL 367409, at *3 (W. D. Tenn. May 14, 1997) (denying motion to dismiss Telemarketing Act claim that was premised on defendant's contacts with out-of-state residents).

## Conclusion

For the reasons set forth above, plaintiff's motion to compel is granted. Defendant is ordered to produce to plaintiff all non-privileged documents not previously produced that are responsive to request nos. 1, 2, 5, 8-19 and 21-23 of Plaintiff's First Request for Production of Documents within fourteen (14) days of the date of this Memorandum Opinion and Order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 10-5-00