Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8156 | **DATE** | 10/11/2000 |
| **CASE TITLE** | STATE OF ILLINOIS vs. TRI-STAR INDUSTRIAL LIGHTING, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 11/7/00 at 9:30A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's renewed motion to strike defendant's affirmative defenses is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 12 2000 date docketed | | |
| ✓ | Docketing to mail notices. | | | 38 |
| | Mail AO 450 form. | CO-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 OCT 11 PM 4:19 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STATE OF ILLINOIS, )
)
        Plaintiff, )
)
v. ) No. 99 C 8156
) Paul E. Plunkett, Senior Judge
TRI-STAR INDUSTRIAL LIGHTING, INC., )
an Illinois Corporation, )
)
        Defendant. )

DOCKETED
OCT 1 2 2000

## MEMORANDUM OPINION AND ORDER

The State of Illinois has sued defendant for its alleged violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101, et seq. ("Telemarketing Act"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1, et seq. ("Consumer Fraud Act"). The case is before the Court on plaintiff's renewed motion to strike defendant's affirmative defenses. For the reasons set forth below, plaintiff's motion is granted.

### Discussion

Federal Rule of Civil Procedure 12(f) permits this Court to strike any insufficient affirmative defenses from any pleading. Motions to strike, however, are generally disfavored and may only be granted if "the defense [asserted] is patently defective and could not succeed under any set of circumstances." Carpenter v. Ford Motor Co., 761 F. Supp. 62, 65 (N.D. Ill. 1991) (citations omitted).

38

If there is any set of facts that would support the affirmative defense and defeat the complaint, the motion must be denied. Bobbitt v. Victorian House, 532 F. Supp. 734, 737 (N.D. Ill. 1982).

As an affirmative defense to both the Telemarketing Act and Consumer Fraud Act claims asserted against it, defendant states: "All or a portion of Plaintiff's claim is barred by the applicable statute of limitations." (See Answer at 9, 10, 14.) Plaintiff contends that neither the Telemarketing Act nor the Consumer Fraud Act limits the time period in which the State can sue. The Court agrees.

In relevant part, the Telemarketing Act provides:

> *Whenever* an attorney general of any State has reason to believe that the interests of the residents of that State have been or are being threatened or adversely affected because any person has engaged or is engaging in a pattern or practice of telemarketing which violates any rule of the Commission under section 6102 of this title, the State, as parens patriae, may bring a civil action on behalf of its residents in an appropriate district court of the United States to enjoin such telemarketing, to enforce compliance with such rule of the Commission, to obtain damages, restitution, or other compensation on behalf of residents of such State, or to obtain such further and other relief as the court may deem appropriate.

15 U.S.C. § ("section") 6103 (emphasis added). The statute says nothing else about the time in which a State must sue for violations of the Act. "When a [federal] statute is unambiguous, we must enforce the plain meaning of the language enacted by Congress." Trustees of the Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Leaseway Transp. Corp., 76 F.3d 824, 828 (7th Cir. 1996) (internal quotation marks and citation omitted). The plain meaning of the language in this section is that there is no statute of limitations on Telemarketing Act claims filed by a State.

A review of the other sections of the statute bolsters the plain meaning interpretation. See Damato v. Hermanson, 153 F.3d 464, 471 (7th Cir. 1998) ("[I]n determining congressional intent, we look to the particular statutory language at issue, as well as the design of the statute as a whole.") (internal quotation marks and citation omitted). In section 6104, the Telemarketing Act provides a

private right of action for violations of the statute. In stark contrast to section 6103, however, this portion of the statute expressly limits the time in which private parties may seek relief:

> Any person adversely affected by any pattern or practice of telemarketing which violates any rule of the Commission under section 6102 of this title, or an authorized person acting on such person's behalf, may, *within 3 years after discovery of the violation*, bring a civil action in an appropriate district court of the United States against a person who has engaged or is engaging in such pattern or practice of telemarketing if the amount in controversy exceeds the sum or value of $50,000 in actual damages for each person adversely affected by such telemarketing.

15 U.S.C. § 6104 (emphasis added). As this section illustrates, Congress was conscious of limitations periods when it enacted the statute and included one where it thought appropriate. Thus, its failure to do so in section 6103 evidences a deliberate legislative choice, not an oversight subject to judicial correction.

Despite this clear congressional intent, defendant argues that we can imply a two-year statute of limitations based on the limitations periods set forth in section 6107 of the statute and section 310.5 of the implementing regulations. A cursory review of these provisions dispatches this argument. Section 6107 of the statute expressly states that the two-year limitations period applies only to criminal contempt proceedings initiated by the Federal Trade Commission. 15 U.S.C. § 6107(d) ("The authority of the Federal Trade Commission to bring a criminal contempt action under subsection (a) of this section expires 2 years after the date of the first promulgation of rules under section 6102 of this title."). Moreover, section 310.5 of the regulations contains no limitations period at all, but a record-keeping requirement for telemarketers. See 16 C.F.R. § 310.5. Neither of these unambiguous provisions supplies any basis for imposing a two-year statute of limitations on Illinois' Telemarketing Act claim.

Next, we turn to the Consumer Fraud Act. "Federal courts must interpret a state statute as that state's courts would construe it." Brownsburg Area Patrons Affecting Change v. Baldwin, 137 F.3d 503, 507 (7th Cir. 1998). In Illinois, "[t]he primary rule of statutory construction is to ascertain and give effect to the the intent of the legislature." Bruso v. Alexian Bros. Hosp., 178 Ill. 2d 445, 451, 687 N.E.2d 1014, 1016 (1997). The best evidence of that intent is the language of the statute. Id. "Where the legislature's intent can be ascertained from the plain language of the statute, that intent must prevail and will be given effect without resort to other aids for construction." Id., 178 Ill. 2d at 452, 687 N.E.2d at 1016.

The plain language of the Consumer Fraud Act provides:

> *Whenever* the Attorney General or a State's Attorney has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by this Act to be unlawful, and that proceedings would be in the public interest, he or she may bring an action in the name of the People of the State against such person to restrain by preliminary or permanent injunction the use of such method, act or practice. The Court, in its discretion, may exercise all powers necessary, including but not limited to: injunction; revocation, forfeiture or suspension of any license, charter, franchise, certificate or other evidence of authority of any person to do business in this State; appointment of a receiver; dissolution of domestic corporations or association suspension or termination of the right of foreign corporations or associations to do business in this State; and restitution.

815 ILL. COMP. STAT. 505/7(a) (emphasis added). The statute otherwise says nothing about the time in which the State can file a Consumer Fraud Act claim. The plain meaning of this provision is that there is no statute of limitations on Consumer Fraud Act claims filed by the State.

The other provisions of the statute support the plain meaning interpretation. See Bruso, 178 Ill. 2d at 451-52, 687 N.E.2d at 1016 ("The court must evaluate the language of the statute as a whole, considering each part or section in connection with every other part of section."). Like the

Telemarketing Act, the Consumer Fraud Act provides a private right of action with an explicit limitations period:

> Any [private] action for damages . . . shall be forever barred unless commenced within 3 years after the cause of action accrued; provided that, whenever any action is brought by the Attorney General or a State's Attorney for a violation of this Act, the running of the foregoing statute of limitations, with respect to every private right of action for damages which is based in whole or in part on any matter complained of in said action by the Attorney General or State's Attorney, shall be suspended during the pendency thereof, and for one year thereafter.

815 ILL. COMP. STAT. 505/10a(e). Plainly, the Illinois Legislature is capable of creating a statute of limitations when it wishes to do so. Thus, its failure to do so for Consumer Fraud Act claims filed by the State reflects a conscious legislative choice that we cannot disturb.

Nor are we persuaded that the State's request for restitution transforms its suit into a private action subject to the three-year limitation. First, the same statutory provision that permits the State to file suit without time limitations, provides that restitution is one of the remedies available to it. See 815 ILL. COMP. STAT. 505/7(a). Second, the Illinois Appellate Court has rejected the notion that the State's request for monetary relief in a Consumer Fraud Act suit transforms it into a private action:

> An action filed by the Attorney General under the [Consumer Fraud] Act is essentially a law enforcement action designed to protect the public, not to benefit private parties. The statute expressly authorizes the Attorney General to enjoin illegal practices and to collect actual damages. . . . Although restitution may benefit aggrieved consumers, the remedy flows from the basic policy that those who engage in proscribed conduct or practices surrender all profits flowing therefrom. Because the nature and object of the Act and its remedies are indisputably the protection of the public interest, we believe that the legislature intended the State to be the only real party in interest, . . . .

People ex rel. Hartigan v. Lann, 225 Ill. App. 3d 236, 240-41, 587 N.E.2d 521, 524 (1st Dist. 1992). As in Lann, the State has filed suit in this case to protect the public, not to benefit private parties. Consequently, the three-year statute of limitations that applies to private causes of action does not apply to the State's Consumer Fraud Act claim.

## Conclusion

For the reasons set forth above, plaintiff's renewed motion to strike defendant's affirmative defenses is granted.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: _10-11-00_